UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

John T. Bragg, #162788,  ) C/A No. 9:05-3351-CMC-GCK
) 
Plaintiff, )
)
vs. )
) Report and Recommendation
J. Reuben Long Detention Center; )
Tom Fox; and )
Phillip Thompson, )
)
Defendant(s). )
)
)

This is a civil rights action filed by a county detainee *pro se*.[1] When he filed this case, Plaintiff was being detained at the J. Reuben Long Detention Center in Horry County, South Carolina. In his Complaint, Plaintiff claims that many of the conditions of confinement for the detainees at the detention center are possibly not "up to Government Standards."[2] Complaint, at 5. He does not claim that he has personally sustained any type of physical injury from the conditions, but, rather, he describes the various conditions and their possible effect on the detainee population in general. Although he names three Defendants, Plaintiff's Complaint does not contain any allegations of personal wrongdoing of any of the Defendants in connection with conditions of confinement of which he complains. In his claim for relief, Plaintiff states that he

---

[1] Pursuant to 28 U.S.C. §636(b)(1), and Local Rule 73.02(B)(2)(e), D.S.C., this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See also* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

[2] Under the liberal construction of *pro se* pleadings rule, the undersigned is construing Plaintiff's use of "Government Standards" as a claim that the conditions of his confinement are "unconstitutional." As a result, Plaintiff's claims are before the Court under its federal question jurisdiction pursuant to 42 U.S.C. § 1983. Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *See* Jennings v. Davis, 476 F.2d 1271 (8th Cir. 1973). The purpose of section 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. *See* McKnight v. Rees, 88 F.3d 417(6th Cir. 1996)(emphasis added).

1

"would like for a Judge, Government Official, and someone from the Health Dept. to arrive at J. Ruben [sic] Long Detention Center unanounced [sic], and to see if the issues [he] addressed are up to Government Standards." Id.

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951 (4th Cir. 1995)(*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); and Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979).



*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *see* Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See* Hughes v. Rowe, 449 U.S. 5, 9-10 & n.7 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *See* Fine v. City of New York, 529 F.2d 70, 74 (2d Cir. 1975). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See* Weller v. Department of Social Servs., 901 F.2d 387 (4th Cir. 1990). Even under this less stringent standard, however, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

With respect to Plaintiff's allegations about the crowded facilities, lack of law library, lock-up procedures, poor recreation facilities, slow medical care, classification, visitation rules, grievance procedures, use of force, and inadequate, cold food to which detainees are allegedly

2

subjected while confined in Horry County, the United States Supreme Court explained in Farmer v. Brennan, 511 U.S. 825 (1994), that a prison official violates the Eighth Amendment (or the Fourteenth Amendment in the case of pretrial detainees)[3] *only* when two requirements are met: (i) the alleged deprivation must be, objectively, "sufficiently serious," resulting "in the denial of 'the minimal civilized measure of life's necessities,'" and (ii) the prison official must have a 'sufficiently culpable state of mind,'" *i.e.*, "'deliberate indifference' to inmate health or safety." Id. at 834 (citations omitted). The Court further determined that its standard for "deliberate indifference" would be "subjective recklessness as used in the criminal law." Id. at 839-40. "In short, the Court concluded that a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Forbes v. Edgar, 112 F.3d 262, 266 (7th Cir. 1997) (citing Farmer at 847); *see also* Craig v. Eberly, 164 F.3d 490, 495 (10th Cir. 1998)(applying Eighth Amendment analysis in a conditions-of-confinement case filed by a state pretrial detainee)

Regarding the objective prong of the Farmer v. Brennan analysis, it has been held that overcrowding alone is not "sufficiently serious" to establish a constitutional violation. See Rhodes v. Chapman, 452 U.S. 337, 348-49 (1981) (finding that housing two inmates in a cell designed for one does not, without more, violate the Eighth Amendment). Also, the lack of a law library or other means for obtaining reading material, standing alone, has also been found not to violate a pretrial detainee's constitutional rights. See Magee v. Waters, 810 F.2d 451, 452 (4th Cir. 1987); Cruz v. Hauck, 515 F.2d 322, 331-33 (5th Cir. 1975). Furthermore, it is well settled that there is no federal constitutional right to have *any* inmate grievance system in operation in jails or prisons.

---

[3] While the Due Process Clause of the Fourteenth Amendment guarantees pre-trial detainees – such as Plaintiff – humane conditions of confinement, "the Eighth Amendment standard provides the benchmark for such claims." Craig v. Eberly, 164 F.3d 490, 495 (10th Cir. 1998). For this reason, the standards discussed in Farmer v. Brennan are equally applicable in Plaintiff's case.

3

See, e.g., Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994); Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991); Mann v. Adams, 855 F.2d 639, 640 (9th Cir.1988); Brown v. Dodson, 863 F.Supp. 284, 285 (W.D. Va. 1994). Although "prisoners do not shed all constitutional rights at the prison gate, . . . lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." Sandin v. Conner, 515 U.S. 472, 485 (1995) (citations omitted). The United States Supreme Court has cautioned the federal courts that they "ought to afford appropriate deference and flexibility to state officials trying to manage a volatile environment." Id. at 482; see O'Lone v. Estate of Shabazz, 482 U.S. 342, 353 (1987) (courts should not "substitute [their] judgment . . . on difficult and sensitive matters of institutional administration . . . for the determinations of those charged with the formidable task of running a prison.").

In this case, Plaintiff alleges no conduct on any Defendant's part that approaches "deliberate indifference," and, as a result, he fails to state a viable § 1983 claim based on the conditions of his confinement. He sets forth no facts showing that he personally faces "a substantial risk of serious harm" from any of the conditions of confinement of which he complains. His complaints are general in nature and appear to be made in an attempt to represent all of the detainees: something that he, as a *pro se* litigant, may not do. Although a plaintiff has the right to appear *pro se* on his own behalf, he may not represent another *pro se* plaintiff in federal court. See Klocek v. Gateway, Inc., 104 F. Supp. 2d 1332, 1344 (D. Kan. 2000) (citing 28 U.S.C. § 1654). Courts have consistently held that a prisoner acting *pro se* is not able to adequately represent the interests of his fellow inmates. See Maldonado v. Terhune, 28 F. Supp. 2d 284, 288 (D.N.J. 1998); Caputo v. Fauver, 800 F. Supp. 168, 170 (D. N.J. 1992) ("Every court that has considered the issue has held that a prisoner proceeding *pro se* is inadequate to represent the interests of his fellow inmates in a class action."); see also Allnew v. City of Duluth, 983 F. Supp.

4

825, 830 (D. Minn. 1997) (courts have consistently held that a class representative cannot properly appear *pro se*) (listing cases). Without sufficient allegations to establish the requisite deliberate indifference of jail officials to a pervasive risk of harm to Plaintiff himself, this case is subject to summary dismissal without service of process. *See* Stevenson v. Whetsel, 2002 WL 31693490 (10th Cir., Dec. 03, 2002) (unreported officially).

Furthermore, even if Plaintiff had alleged a personal injury from some or all of the conditions about which he complains, his Complaint would still be subject to summary dismissal as to all of the named Defendants because Plaintiff fails to allege any personal wrongdoing of any Defendant.[4] Under the provisions of the Prison Litigation Reform Act, more specifically 28 U.S.C. § 1915(e)(2)(B), this Court should dismiss an action filed by a prisoner which is "frivolous" or "fails to state a claim on which relief may be granted." Since there are no allegations of any wrongdoing on the part of any of the Defendants nor any allegation of injury to Plaintiff from his conditions of confinement, Plaintiff's Complaint is both frivolous and fails to state a claim on which relief can be granted. *See* Cochran v. Morris, 73 F.2d 1310 (4th Cir. 1996)(statute allowing dismissal of *in forma pauperis* claims encompasses complaints that are either legally or factually baseless); Weller v. Dep't of Social Servs., 901 F.2d 387, 389 (4th Cir. 1990)(dismissal proper where there were no allegations against defendants).

## Recommendation

Accordingly, it is recommended that the District Court dismiss the Complaint in this case *without prejudice* and without issuance and service of process. *See* Denton v. Hernandez;

---

[4]Of course, no allegation of "personal" wrongdoing could ever be made against Defendant J. Reuben Long Detention Center, nor could any valid § 1983 claim be made against this Defendant. The detention center is a group of buildings or a facility. Inanimate objects such as buildings, facilities, and grounds do not act under color of state law. Hence, the detention center is not a "person" subject to suit under 42 U.S.C. § 1983. *See* Allison v. California Adult Auth., 419 F.2d 822, 823 (9th Cir. 1969)(California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983); Preval v. Reno, 57 F.Supp.2d 307, 310 (E.D. Va. 1999)("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); Brooks v. Pembroke City Jail, 722 F. Supp. 1294, 1301(E.D. N.C. 1989)("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit.").

Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe, 998 F.2d 201, 202-04 & n. * (4th Cir. 1993); Boyce v. Alizaduh; Todd v. Baskerville, 712 F.2d at 74; see also 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). Plaintiff's attention is directed to the important notice on the next page.

Respectfully submitted,

George C. Kosko
United States Magistrate Judge

December ___, 2005
Charleston, South Carolina

6

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation" & The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of its filing. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-71 (1976); Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992); Oliverson v. West Valley City, 875 F. Supp. 1465, 1467 (D. Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. *See* Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991); *see also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard., the court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. *** This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. ***
> We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. *** A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"; which involved a *pro se* litigant); Goney v. Clark, 749 F.2d 5, 7 n. 1 (3d Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins; Small v. Secretary of HHS, 892 F.2d 15, 16 (2d Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

7